### BROWN v. SPELMAN et al.

#### (District Court, E. D. New York. May 17, 1918.)

ARMY AND NAVY ⬅20—DRAFT—AUTHORITY OF LOCAL BOARD.

As under Presidential Regulations, § 61, promulgated under the Selective Service Act (Comp. St. 1918, §§ 2019a, 2019b, 2044a–2044k), a local board, whenever there is a claim made that through error or fraud a person is registered who is not subject to registration, can only require such person to submit his claim in writing and transmit the same to the adjutant general of the state, mandamus or certiorari will not lie to compel the local board to strike from the draft list the name of one who claimed to have registered through error; it not appearing that he had submitted his claim in writing for transmission to the adjutant general.

At Law. Application by Sam Brown for writ of certiorari or mandamus, directing James J. Spelman and others, as members of Local Board for Division 35, Borough of Brooklyn, City of New York, State of New York, to strike the name of applicant from the registration lists of the Local Board, created under the Selective Service Act. On motion for preliminary writ of mandamus or certiorari and for prohibition. Denied.

See, also, 254 Fed. 215.

Solomon S. Schwartz, of Brooklyn, N. Y., for plaintiff.

Melville J. France, U. S. Dist. Atty., of Brooklyn, N. Y., for defendants.

GARVIN, District Judge. This is an application for a writ of certiorari or mandamus, directing the defendants, and each of them, to strike the name of the plaintiff from the registration lists of one of the local boards, created under an act of Congress known as the Selective Service Law (Act May 18, 1917, c. 15, 40 Stat. 76 [Comp. St. 1918, §§ 2019a, 2019b, 2044a–2044k]), and asking that a writ of prohibition be issued prohibiting the defendants from certifying the plaintiff to military service. The defendants are the members of local board for division 35 of the city of New York. The plaintiff claims that on

the 5th day of June, 1917, he was over the age of 31 years; that he then appeared before the registration board for the 158th precinct, county of Kings, of the state of New York, and inquired of said board whether he should have to register under the Selective Service Law; that some members told him that he would not have to register, but that the chairman or registrar of the board told him that he must be registered, and that if the board subsequently ascertained that registration was unnecessary under the law plaintiff's name would be taken from the list; and thereupon plaintiff registered. Subsequently plaintiff was required to present himself for a physical examination, and was found eligible for military service. A questionnaire was then filled out by plaintiff and filed with local board 35, by whom he was classified in class A–1.

. Plaintiff thereafter applied to the defendants to cancel his registration, and the defendants have declined so to do. He then requested to be heard and bring witnesses, but the defendants still refused to give him a hearing. Thereafter he applied to the adjutant general of the state of New York to have his registration canceled, and his application has been denied.

Section 61 of the regulations promulgated by the President November 8, 1917, under authority of the act of Congress approved May 18, 1917, known as the Selective Service Law, provides as follows:

"Section 61. *Cancellation of Registration of Persons Not Subject to Registration.*—Whenever a claim shall be made to a local board that, through error or fraud, a person is registered who is not subject to registration the board shall require the person to submit his claim in writing, together with such proof as he may care to offer. The local board shall forward the claim and the proof with its finding of fact and recommendation to the adjutant general of the state, who shall examine the proof, and, if he is of the opinion that the person was not subject to registration, shall direct the local board to cancel the registration and amend its records accordingly."

There is nothing to indicate that the plaintiff has complied with this section. It is plain that the regulations intend to impose upon local boards the duty of transmitting to the adjutant general of the state of New York any written claim and such proof as relates to it, if offered by the registrant, who claims that he has been registered by error or fraud and is not subject to registration. Upon receipt of such claim in writing the local board can do nothing except forward it, with its finding of fact and recommendation, to the adjutant general of the state, and await instructions from the adjutant general. The papers do not show that the local board has disregarded the regulations.

The motion for a preliminary writ of mandamus or certiorari, and for a writ of prohibition, is denied.